THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **INDIA POUGE** <br> 20550 Lakeshore Blvd. <br> Euclid, OH 44123 | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | Case No. 1:19-cv-955 |
| vs. | : <br> : <br> : <br> : | JUDGE |
| **THE METROHEALTH SYSTEM** <br> 2500 MetroHealth Dr. <br> Cleveland, OH 44109 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **Jury Demand Endorsed Hereon** |
| Defendant. | : | |

**COMPLAINT**

NOW COMES Plaintiff India Pouge ("Plaintiff") and proffers this Complaint for damages against Defendant The MetroHealth System ("Defendant").

**JURISDICTION AND VENUE**

1. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000(e)-5, *et seq,* the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

1

3. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Cleveland, Ohio, at which the events in question took place.

4. Plaintiff has satisfied all jurisdictional requirements and has obtained the Right to Sue from the EEOC, attached hereto as "Exhibit A".

## THE PARTIES

5. Plaintiff is a natural person residing in Cuyahoga County, Ohio.

6. Defendant is an Ohio corporation doing business in the Northern District of Ohio.

7. At all relevant times, Plaintiff was an "employee" as that term is defined by 42 U.S.C. § 2000(e)-5, *et seq.* and by Ohio Revised Code, Chapter 4112.

8. Defendant is an "employer" as defined by 42 U.S.C. § 2000(e)-5, *et seq.* and Ohio Revised Code, Chapter 4112.

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant on or about January 18, 2019.

10. Plaintiff was hired to work within Defendant's Contact Center in Brooklyn Heights, Ohio, with an anticipated start date on or about February 4, 2019.

11. Upon her hiring, Plaintiff was informed that she would need to submit to a flu vaccination.

12. Plaintiff is a member of the Zion Missionary Baptist Church and has a sincerely held religious belief against flu vaccinations.

13. Specifically, Plaintiff has strongly held Christian beliefs and believes in the Bible, which teaches that the flu vaccine, that has numerous additives and could be a mechanism for altering the body, is the equivalent of "unclean food" that causes harm to the body.

14. The Old and New Testament also teach that pork is unclean, which includes gelatin (a combination of animal parts including pigs and cattle), an additive within the flu vaccine.

15. Because of these religious convictions, Plaintiff filled out Defendant's Vaccine Exemption Request Form on or about January 21, 2019, and submitted it to Defendant.

16. In addition to the Vaccine Exemption Request Form, Plaintiff also submitted a detailed letter explaining her religious beliefs and the reason for the requested exemption from her pastor, Mr. Lorenzo Russell. Pastor Russell also provided his contact information and encouraged Defendant to contact him with questions regarding the request.

17. On or about January 23, 2019, Plaintiff received a call from Mr. Mike Hanley, who told her that her offer of employment had been rescinded and she had been terminated because she requested a religious exemption from the flu shot.

18. Plaintiff also received a call from Ms. Mary Molchan, a nurse at Defendant's facility, who informed her of the same.

19. Defendant discriminated against and refused to accommodate Plaintiff because of her sincerely held religious beliefs.

## COUNT I
### (Religious Discrimination - Title VII)

20. All of the preceding paragraphs are realleged as if fully rewritten herein.

21. Plaintiff is a member of the Zion Missionary Baptist Church and holds sincere religious beliefs.

22. Defendant discriminated against Plaintiff because of her religion by failing to accommodate Plaintiff's request to forego the flu vaccine based on her religious beliefs, subjecting Plaintiff to disparate treatment, rescinding her job offer, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

23. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

24. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

25. At all times material herein, Defendant acted in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

## COUNT II
### (Religious Discrimination - R.C. §4112)

26. All of the preceding paragraphs are realleged as if fully rewritten herein.

27. Plaintiff is a member of the Zion Missionary Baptist Church and holds sincere religious beliefs.

28. Defendant discriminated against Plaintiff because of her religion by failing to accommodate Plaintiff's request to forego the flu vaccine based on her religious beliefs, subjecting Plaintiff to disparate treatment, rescinding her job offer, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

30. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

31. At all times material herein, Defendant acted in conscious and/or reckless disregard for Plaintiff's rights, with great probability that its acts and omissions would cause substantial harm to Plaintiff.

## COUNT III
### (Retaliation - Title VII)

32. All of the preceding paragraphs are realleged as if fully rewritten herein.

33. Plaintiff engaged in a protected activity when she requested an accommodation to refuse the flu vaccine based on sincerely held religious beliefs.

34. Defendant knew that Plaintiff engaged in a protected activity.

35. Defendant did not offer any alternative to Plaintiff and did not engage in any conversation with her about how she may be accommodated based on her sincerely held religious beliefs.

36. Plaintiff experienced an adverse employment decision when Defendant rescinded her job offer immediately after she requested a religious accommodation.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

38. Defendant cannot offer a nondiscriminatory reason for its failure to hire Plaintiff and its recission of her job offer.

39. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages and punitive damages and all other relief available under this section.

## COUNT IV
### (Retaliation - R.C. §4112)

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. Plaintiff engaged in a protected activity when she requested an accommodation to refuse the flu vaccine based on sincerely held religious beliefs.

42. Defendant did not offer any alternative to Plaintiff and did not engage in any conversation with her about how she may be accommodated based on her sincerely held religious beliefs.

43. Defendant knew that Plaintiff engaged in a protected activity.

44. Defendant intentionally retaliated against Plaintiff for engaging in protected activity by rescinding her job offer.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer emotional distress and loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

46. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages and punitive damages and all other relief available under this section.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

                     */s/ Rachel A. Sabo, Esq.*
                     Rachel A. Sabo (0089226)
                     *(Rachel@thefriedmannfirm.com)*
                     Peter G. Friedmann (0089293)
                     *(Pete@TFFLegal.com)*
                     **The Friedmann Firm LLC**
                     1457 S. High St.
                     Columbus, Ohio 43207
                     Direct: (614) 610-9757
                     *Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

                     /s/ Rachel A. Sabo, Esq.
                     Rachel A. Sabo (0089226)